IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV - 9 2011

BY DAVID J. MALAND, CLERK
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | NO. 5:11CR30 |
| | § § | |
| DANNY WOOD | § | |

## INFORMATION

The United States Attorney for the Eastern District of Texas Charges:

### Count One

Violation: 18 U.S.C. § 1343 (Wire Fraud)

At all times material to this Information the defendant, **Danny Wood**, was a saw mill operator who conducted business primarily in North East Texas, South East Oklahoma, South Arkansas, and North West Louisiana. He operated his business under one or more of the following names: Wood Lumber Company Westside Division Incorporated, J&D Lumber Partners, Wood Lumber Company Camden, Wood Lumber Company Warren Division, P&W Pattern Mill, Custom Lumber Incorporated, Southeast Machine Incorporated, Idabel Reman, and J&D Lumber Incorporated.

## THE SCHEME

During the period from on or before January, 2009, and continuing through on or about July, 2009, in the Eastern District of Texas, and elsewhere, the defendant, **Danny Wood**, did knowingly devise, and intend to devise, a scheme and artifice to defraud and deceive Lone Star Production Credit, PCA (Production Credit Association) (LSPC, PCA) by means of false and fraudulent pretenses and representations, knowing at the time that such pretenses and representations would be, and were, false when made, said scheme was so devised, and was intended to be devised, as follows:

## MANNER AND MEANS

It was part of the scheme and artifice to defraud that the defendant, **Danny Wood**, either directly or through an agent acting at his direction, would prepare false and fraudulent Borrowing Base Reports, and supporting schedules, pertaining to Lone Star Production Credit, PCA (Production Credit Association) Lone Agreements 255100189 and 255100252.

It was part of the scheme and artifice to defraud that the defendant, **Danny Wood**, either directly or through an agent acting at his direction, would fax the falsified Borrowing Base Reports, and supporting schedules, pertaining to Lone Agreements 255100189 and 255100252, to Lone Star Production Credit, PCA (Production Credit Association) offices in New Boston, Texas.

As a result of the scheme to defraud, the defendant, **Danny Wood**, received in excess of $1,818,033.00.

On or about January 9, 2009, in the Eastern District of Texas and elsewhere, the defendant, **Danny Wood**, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money from the victim by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, knowingly transmitted, and directed another to transmit, by means of wire communication in interstate commerce, signs, signals, and sounds for the purpose of executing such scheme, including the following long distance facsimile: a Borrowing Base Report with attached certification, pertaining to loan account #255100252, that falsely represented that **Danny Wood** possessed $3,722,900.68 in Lumber inventory, and $92,786.95 in cash, when in truth and in fact, **Danny Wood** did not possess said Lumber inventory and/or said cash, in violation of 18 U.S.C. §1343.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. §§ 982(a)(2), 982(b)(1), and 28 U.S.C. § 2461

1. The allegations contained in count one of this Information are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A).

2. Upon conviction of the offense in violation of 18 U.S.C. § 1343 set forth in count one of this Information, the defendant, **Danny Wood**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly, or indirectly, as a result of such violation. The property to be forfeited includes, but is not limited to, the following:

CASH PROCEEDS

A sum of money equal to $2,089,230.70 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Information.

3. If any of the property described above, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States,

pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of other properties of the defendant up to the value of such properties described above.

November 9, 2011
Date

JOHN M. BALES
UNITED STATES ATTORNEY

Jim Noble
Assistant U. S. Attorney
Texas Bar Number 15050100
110 N. College, Ste. 700
Tyler, Texas 75702
903-590-1442

Information - Page 5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | NO. 5:11CR____ |
| DANNY WOOD | § | |

## **NOTICE OF PENALTY**

### Count One

VIOLATION: 18 U.S.C. § 1343
(Wire Fraud)

PENALTY: A fine of not more than $250,000.00; imprisonment for not more than twenty (20) years; a term of supervised release of not more than five (5) years.

SPECIAL ASSESSMENT: $100.00